$400

EGS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEC TABAK, | | |
| | Plaintiff, | Docket No. *19-1432* |
| - against - | | JURY TRIAL DEMANDED |
| IDLE MEDIA, INC. | | |
| | Defendant. | |

## COMPLAINT

Plaintiff Alec Tabak ("Tabak" or "Plaintiff") by and through his undersigned counsel, as

and for his Complaint against Defendant Idle Media, Inc. ("Idle" or "Defendant") hereby alleges

as follows:

### NATURE OF THE ACTION

1.     This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act.  This action arises out of Defendant's

unauthorized reproduction and public display of a copyrighted photograph of rapper Troy Ave.

coming out of Court, owned and registered by Tabak, a professional photographer.  Accordingly,

Tabak seeks monetary relief under the Copyright Act of the United States, as amended, 17

U.S.C. § 101 *et seq.*

### JURISDICTION AND VENUE

2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

APR - 4 2019

1

3.     This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Pennsylvania.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Tabak is a professional photographer in the business of licensing his photographs for a fee having a usual place of business at 17 Monroe Street, Apt. R3, New York, New York 10002.

6.     Upon information and belief, Idle is a foreign business corporation duly organized and existing under the laws of the State of Pennsylvania, with a place of business at 216 South Centre Avenue, Leesport, PA 19533. Upon information and belief Idle is registered with the Pennsylvania Department of State Division of Corporations to do business in the State of Pennsylvania. At all times material, hereto, Idle has owned and operated a website at the URL: www.hiphoplately.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.     Tabak photographed rapper Troy Ave. coming out of Court (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.     Tabak then licensed the Photograph to the New York Daily News. On July 11, 2016, the New York Daily News ran an article that features the Photograph titled *Rapper Troy Ave freed on $500G bond as authorities continue to investigate fatal shooting at Irving Plaza T.I. concert.* Tabak's name was featured in a gutter credit identifying him as the photographer of the Photograph. A screenshot of the Photograph in the article is attached hereto as Exhibit B.

9.      Tabak is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with the United States Copyright Office and was given registration number VA 2-013-887.

**B.      Defendant's Infringing Activities**

11.     Idle ran an article on the Website entitled *2 Troy Ave Free on Bail.*  See URL: https://www.hiphoplately.com/troy-ave-free-bail/.  A screenshot of the Photograph on the Website is attached hereto as Exhibit C.

12.     Idle did not license the Photograph from Plaintiff for its article, nor did Idle have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Idle infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.  Idle is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

3

17.     As a direct and proximate cause of the infringement by the Defendant of

Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and

Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work

infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to

17 U.S.C. § 505

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST**
**DEFENDANT**
**(17 U.S.C. § 1202)**

20.     Plaintiff incorporates by reference each and every allegation contained in

Paragraphs 1-19 above.

21.     Upon information and belief, Idle copied the Photograph from the New York

Daily News which contained a gutter credit underneath the Photograph stating "Alec Tabak" and

placed it on its Website without the gutter credit.

22.     Upon information and belief, intentionally and knowingly removed copyright

management information identifying Plaintiff as the photographer of the Photograph.

23.     The conduct of Idle violates 17 U.S.C. § 1202(b).

24.     Upon information and belief, Idle's falsification, removal and/or alteration of the

aforementioned copyright management information was made without the knowledge or consent

of Plaintiff.

25.     Upon information and belief, the falsification, alteration and/or removal of said

copyright management information was made by Idle intentionally, knowingly and with the

intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the

4

Photograph.  Idle also knew, or should have known, that such falsification, alteration and/or

removal of said copyright management information would induce, enable, facilitate, or conceal

their infringement of Plaintiff's copyright in the Photograph.

      26.     As a result of the wrongful conduct of Idle as alleged herein, Plaintiff is entitled to

recover from Idle the damages, that he sustained and will sustain, and any gains, profits and

advantages obtained by Idle because of its violations of 17 U.S.C. § 1202, including attorney's

fees and costs.

      27.     Alternatively, Plaintiff may elect to recover from Idle statutory damages pursuant

to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17

U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Idle be adjudged to have infringed upon Plaintiff's copyrights in

     the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Idle be adjudged to have falsified, removed and/or altered

     copyright management information in violation of 17 U.S.C. § 1202.

3.     That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's

     profits, gains or advantages of any kind attributable to Defendant's infringement

     of Plaintiff's Photographs; or b) alternatively, statutory damages of up to

     $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

     a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

     kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.  That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.  That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.  That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8.  That Plaintiff be awarded pre-judgment interest; and

9.  Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: April 4, 2019

LAW OFFICES OF BRUCE J. CHASAN, LLC

By: /s / Bruce J. Chasan
Bruce J. Chasan (PA. I.D. No. 29227)
1500 JFK Blvd. Suite 312
Philadelphia, PA 19102
Tele: 215-567-4400
bjchasan@brucechasanlaw.com

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz

6

Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com
*(Pro Hac Vice Forthcoming)*

*Attorneys for Plaintiff Alec Tabak*

# EXHIBIT A



# EXHIBIT B







# EXHIBIT C



# Troy Ave Free On Bail

Troy Ave has been locked up since May 2016 on charges of attempted murder criminal possession of a weapon.

The Brooklyn emcee was caught on tape shooting up Manhattan venue Irving Plaza's Destop gig during T.I.'s show.

The gunfire resulted in the death of Troy's bodyguard Ronald "Banga" McPhatter although Troy proves he was the one who did it.

According to the New York Daily News Troy finally made bail today. His former posted the $500,000 bond.

AO 121 (Rev. 06/16)

| TO:<br><br>**Register of Copyrights**<br>**U.S. Copyright Office**<br>**101 Independence Ave. S.E.**<br>**Washington, D.C. 20559-6000** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION        ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|
| | Eastern District of Pennsylvania- James A. Byrne U.S. |

| DOCKET NO. | DATE FILED | Courthouse |
|---|---|---|
| | 4/4/2019 | 601 Market Street |
| | | Philadelphia, PA 19106 |

| PLAINTIFF | DEFENDANT |
|---|---|
| Alec Tabak | Idle Media, Inc. |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1  VA 2-013-887 | Troy Ave | Alec Tabak |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY  ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |
|---|---|

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED  ☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED  ☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

**DISTRIBUTION:**
1) Upon initiation of action, mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights
3) Upon termination of action, mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court
5) Case File Copy