IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEC TABAK<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IDLE MEDIA, INC.<br><br>　　　　Defendant, | : <br> : CIVIL ACTION <br> : <br> : DOCKET NO.: 5:19-cv-01432-EGS <br> : |

## ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant IDLE MEDIA, INC. ("Idle" or "Defendant"), by its attorneys, for its Answer to Plaintiff Alec Tabak's ("Plaintiff") Complaint, dated April 4, 2019 ("Complaint"), upon knowledge as to itself and its own actions and upon information and belief as to all other matters alleged below, answers as follows:

### NATURE OF THE ACTION

1.　Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and otherwise states that paragraph 1 contains legal conclusions to which no response is required.

### JURISDICTION AND VENUE

2.　Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and otherwise states that paragraph 2 contains legal conclusions to which no response is required.

3.　Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admits that Defendant resides

1

in and/or transacts business in Pennsylvania, and otherwise states that paragraph 3 contains legal conclusions to which no response is required.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and otherwise states that paragraph 4 contains legal conclusions to which no response is required.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies the truth of the allegations contained in paragraph 6 of the Complaint, except admits that Defendant is a foreign corporation with a place of business at 216 South Centre Avenue, Leesport, PA 19533, that Defendant is registered with the Pennsylvania Department of State Division of Corporations to do business in the State of Pennsylvania, and that Defendant owns and operates a website at the URL: www.hiphoplately.com (the "Website"), and otherwise states that paragraph 6 contains legal conclusions to which no response is required.

## STATEMENT OF FACTS

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except admits that an article entitled *Troy Ave Free Bail* is on the Website at the URL https://www.hiphoplately.com/troy-ave-free-bail/.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and otherwise states that paragraph 12 contains legal conclusions to which no response is required.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
### (17 U.S.C. §§ 106, 501)

13. Defendant repeats and re-alleges each and every allegation contained in paragraphs 1 through 12 as if fully set forth herein.

14. Denies the truth of the allegations contained in paragraph 14 of the Complaint, and otherwise states that paragraph 14 contains legal conclusions to which no response is required.

15. Denies the truth of the allegations contained in paragraph 15 of the Complaint, and otherwise states that paragraph 15 contains legal conclusions to which no response is required.

16. Denies the truth of the allegations contained in paragraph 16 of the Complaint, and otherwise states that paragraph 16 contains legal conclusions to which no response is required.

17. Denies the truth of the allegations contained in paragraph 17 of the Complaint, and otherwise states that paragraph 17 contains legal conclusions to which no response is

required.

18. Denies the truth of the allegations contained in paragraph 18 of the Complaint, and otherwise states that paragraph 18 contains legal conclusions to which no response is required.

19. Denies the truth of the allegations contained in paragraph 19 of the Complaint, and otherwise states that paragraph 19 contains legal conclusions to which no response is required.

**SECOND CLAIM FOR RELIEF**
**(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT)**
**(17 U.S.C. § 1202)**

20. Defendant repeats and re-alleges each and every allegation contained in paragraphs 1 through 19 as if fully set forth herein.

21. Denies the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies the truth of the allegations contained in paragraph 22 of the Complaint, and otherwise states that paragraph 22 contains legal conclusions to which no response is required.

23. Denies the truth of the allegations contained in paragraph 23 of the Complaint, and otherwise states that paragraph 23 contains legal conclusions to which no response is required.

24. Denies the truth of the allegations contained in paragraph 24 of the Complaint, and otherwise states that paragraph 24 contains legal conclusions to which no response is required.

25. Denies the truth of the allegations contained in paragraph 25 of the Complaint, and otherwise states that paragraph 25 contains legal conclusions to which no response is

required.

26.  Denies the truth of the allegations contained in paragraph 26 of the Complaint, and otherwise states that paragraph 26 contains legal conclusions to which no response is required.

27.  Denies the truth of the allegations contained in paragraph 27 of the Complaint, and otherwise states that paragraph 27 contains legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

Defendant hereby sets forth its separate and distinct affirmative defenses to the claims set forth in the Complaint. By listing any matter as an affirmative defense, Defendant does not assume the burden of proving any matter upon which the Plaintiff bears the burden of proof under applicable law.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which the relief it requests may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiff has failed to mitigate damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, as any use proven by Plaintiff is transformative, and as such is fair use.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by Defendant's innocent intent.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and/or laches.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks attorney's fees or statutory damages in this action, such remedies are not available pursuant to inter alia, 17 U.S.C. § 412.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of attorney's fees and expenses.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the fact that Defendant did not engage in volitional conduct, which is a required element of direct infringement.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the fact that Plaintiff does not own a valid copyright in one or more of the works it seeks to recover damages for.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages if any are limited on the grounds that a statutory damage award would be wholly disproportionate to any alleged amount of actual harm to Plaintiff and as such would be punitive and unconstitutional.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as any alleged profits of Defendant, if proven, were not attributable to the alleged infringement or alleged use of the photographs.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, due to its failure to join an indispensable party.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiff's claims are barred in whole or in part because the allegedly infringed work has not been registered in accordance with the Copyright Act.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as Plaintiff failed to distribute photographs with copyright management information.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by documentary evidence.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged copyrights consist of material that is neither original to Plaintiff nor protectable, copyrightable subject matter.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as Plaintiff failed to satisfy conditions precedent to the relief it is alleging.

7283391 v1

### AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as Defendant has not infringed on any copyrights alleged to be owned by Plaintiff.

### AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as there are intervening and/or superseding causes for Plaintiff's alleged damages.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend and/or assert additional affirmative defenses upon completion of appropriate discovery.

**WHEREFORE**, Defendant respectfully requests judgment as follows:

a) that Plaintiff's Complaint be dismissed in its entirety with prejudice;

b) that Defendant be awarded costs, including reasonable attorney's fees from Plaintiff pursuant inter alia to 17 U.S.C. §505; and

c) that this Court award Defendant such other and further relief as the Court deems just and proper.

### DEMAND FOR A JURY TRIAL

Defendant hereby demands a trial by jury for all issues, claims and defenses properly triable of right by a jury.

Dated: June 7, 2019

Respectfully submitted,

**FLASTER/GREENBERG P.C.**

By: /s/ Harry J. Giacometti

Harry J. Giacometti, Esq.
1835 Market Street, Suite 1050
Philadelphia, PA 19103
Phone: (215) 587-5680
*Counsel for Defendant*